# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES E. MARTIN,**
**Claimant Below, Petitioner**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 20-0198** (BOR Appeal No. 2054605)
(Claim No. 2019008213)

**MATEWAN UNITED METHODIST,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James E. Martin, by Counsel Anne L. Wandling, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issue on appeal is compensability. The claims administrator rejected the claim on October 30, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 6, 2019, Order. The Order was affirmed by the Board of Review on February 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W.Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

---

[1] A response was not filed.

1

. . . .

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. West Virginia Off. of Ins. Comm'r,* 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. West Virginia Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Martin, a pastor, alleges that he sustained a compensable injury on October 11, 2018. He sought treatment at Tug Valley ARH Emergency Room that day and was diagnosed with right shoulder strain. An x-ray showed no fracture. Mr. Martin returned the following day and reported severe shoulder pain. The claims administrator rejected the claim on October 30, 2018.

Mr. Martin underwent a right shoulder MRI on December 26, 2018, which showed a full-thickness tear of the majority of the infraspinatus tendons, a glenoid labrum SLAP tear, an additional tear of the anterior inferior glenoid labrum, degenerative osteophytes and subchondral edema in the acromioclavicular joint. Mr. Martin saw Stanley Tao, M.D., on January 21, 2019. Dr. Tao noted that he reviewed the MRI and diagnosed a complete rotator cuff tear.

Mr. Martin testified in a January 25, 2019, deposition that on the day of his injury, he was walking from the church to the parsonage, where he lives, to meet a contractor. Mr. Martin stated that he was loading his bookbag and laptop into his truck when he injured his right shoulder. He testified that his job duties as pastor required him to check with the contractor on a daily basis, and he was therefore required to travel from the church to the parsonage. Mr. Martin admitted that he had a prior right shoulder injury. At that time, doctors told him he may have a tear but recommended only physical therapy. Mr. Martin asserted that he recovered from that injury.

In a June 10, 2019, Record Review, D. Kelly Agnew, M.D., noted that Mr. Martin sustained a right shoulder injury in 2014, at which time an orthopedic surgeon suggested a partial thickness tear had occurred. Dr. Agnew found that Mr. Martin's right shoulder symptoms began in 2012 and noted that he was previously a coal miner. Further, Mr. Martin was sixty-two years old, which contributes to the degenerative rotator cuff process. Dr. Agnew opined that the mechanism of injury described by Mr. Martin is not likely to cause a rotator cuff injury. Dr. Agnew stated that the MRI findings are purely degenerative in nature. He explained that Mr. Martin had degenerative osteophytes which cut into the rotator cuff tendons every time he reached overhead or to the side for many years. Dr. Agnew noted that degenerative changes were also seen on a 2014 right

shoulder MRI that were consistent with a small full thickness tear. Dr. Agnew concluded that there was insufficient evidence to show that Mr. Martin sustained a work-related injury on October 11, 2018.

The Office of Judges affirmed the claims administrator's rejection of the claim in its September 6, 2019, Order. The Office of Judges first addressed the employer's argument that Mr. Martin was not in the course of his employment when he placed his bookbag in his truck. The Office of Judges determined that Mr. Martin was required to oversee the contractors working on the parsonage as part of his duties as pastor. The work on the parsonage was approved by the church's Board of Trustees. Mr. Martin was therefore in the course of his employment. The Office of Judges determined, however, that Mr. Martin did not sustain a work-related injury on October 11, 2018. None of the medical treatment reports of record address the alleged mechanism of injury. Further, the Office of Judges found that the records failed to adequately address the preexisting right shoulder issues. In his record review, Dr. Agnew found that the 2018 MRI showed nothing but degenerative changes. He asserted that the MRI showed significantly retracted supraspinatus, infraspinatus, and subscapularis tendons, indicating a chronic injury. He found no evidence to support an acute, traumatic injury. The Office of Judges concluded that it was more likely than not that Mr. Martin's action of placing a bookbag on the seat of his truck did not result in a compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970). The Office of Judges based its decision on Dr. Agnew's report. Dr. Agnew performed a thorough review of Mr. Martin's medical records and provided a well-supported opinion that Mr. Martin did not sustain an acute injury on October 11, 2018. The medical records show that Mr. Martin had preexisting, noncompensable right shoulder degenerative changes and the MRI showed no acute injury. Therefore, the decision of the Board of Review, affirming the Office of Judges' Order, is affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

3